NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
OCT 1 2 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-280-JMH

LELAND B. HOLLIS     PETITIONER

VS:     **MEMORANDUM OPINION AND ORDER**

WARDEN JOE BOOKER, JR.     RESPONDENTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Leland B. Hollis has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee.

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## ALLEGATIONS AND CLAIMS

The petitioner states that he is serving a 66-month sentence for possession with intent to distribute cocaine and for a supervised release violation, and has a projected release date of February 6, 2006. He claims that the Bureau of Prisons ("BOP") has denied him placement in a Community Corrections Center ("CCC")[1] for the last 10 percent of his sentence, thereby violating his rights under (1) the equal protection clause of the United States Constitution; (2) 18 U.S.C. §3621(b); and because he is an insulin-dependent prisoner, (3) the Americans with Disabilities Act ("ADA"). Additionally, he claims that the BOP has done so (4) in retaliation for his having filed lawsuits for

---

[1] Also called "halfway houses."

damages against the BOP and BOP employees.

Petitioner Hollis has attached documents exchanged in appealing the denial through the BOP administrative remedy process, except the last response from the BOP's national office. As to this last step he explains that he mailed his appeal to the national office in March of 2005, but was transferred from FCI-Morgantown back to the Federal Medical Center in Lexington, Kentucky, at approximately the same time. He submits a later letter wherein he seeks to find the national office's response to his claim and what appears to be a BOP response to the letter, in which the national office replies that his appeal was rejected and returned to him on April 26, 2005.

He filed the instant action on July 6, 2005, seeking a CCC placement, purportedly so as to have an equal opportunity for a smooth transition back into society.

### ORDER

The Court will accept the petitioner's contention that he has exhausted his available administrative remedies and will require a BOP to file a response to CCC claims. Accordingly,

**IT IS HEREBY ORDERED** as follows:

(1) The Clerk of the Court shall serve by certified mail a copy of the petition and this Order upon Respondent Warden Joe W. Booker, Jr., and on the Attorney General for the United States, and on the United States Attorney for the Eastern District of Kentucky.

(2) Respondent, by counsel, shall file an expedited answer or otherwise defend within thirty (30) days of the date of entry of this Order. Respondent shall also file with his answer all relevant documentary evidence which bears upon the allegations contained in the petition.

(3) Upon entry of a response herein or upon the expiration of said period of time, the Clerk of the Court shall notify the Pro Se Office.

(4)  The petitioner shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(5)  For every further pleading or other document he wishes to submit for consideration by the Court, the petitioner shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff/petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This the 12a day of October, 2005.

*Joseph M. Hood*
JOSEPH M. HOOD, CHIEF JUDGE

3