NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
FEB 16 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-280-JMH

LELAND B. HOLLIS                                                    PETITIONER

VS:                **MEMORANDUM OPINION AND ORDER**

WARDEN JOE BOOKER, JR.                                              RESPONDENT

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the motion of the responding warden[1] to dismiss or, in the alternative, for entry of summary judgment in his favor. The defendant's motion for summary judgment will be granted.

## BACKGROUND

Leland B. Hollis, a prisoner at the Federal Medical Center ("FMC") in Lexington, Kentucky, has filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and paid the district court filing fee. Upon screening the petition, the Court issued a Memorandum Opinion and Order, summarizing the petitioner's allegations as follows:

> The petitioner states that he is serving a 66-month sentence for possession with intent to distribute cocaine and for a supervised release violation, and has a projected release date of February 6, 2006. He claims that the Bureau of Prisons ("BOP") has denied him placement in a Community Corrections Center ("CCC")[2] for the last 10 percent of his sentence, thereby violating his rights under (1) the equal

---

[1] The Assistant United States Attorney informs the Court in a footnote that the originally named respondent, Joe Booker, Jr., is no longer the warden at FMC-Lexington; Stephen W. Dewalt is the current warden, effective November 7, 2005.

[2] Also called "halfway houses."

protection clause of the United States Constitution; (2) 18 U.S.C. §3621(b); and because he is an insulin-dependent prisoner, (3) the Americans with Disabilities Act ("ADA"). Additionally, he claims that the BOP has done so (4) in retaliation for his having filed lawsuits for damages against the BOP and BOP employees.

Record No. 2 at 1-2. He stated that he seeks a CCC placement, so as to have an equal opportunity for a smooth transition back into society, as all other prisoners are purportedly afforded.

Noting that Petitioner Hollis had attached documents showing exhaustion of the BOP administrative remedy process prior to filing the petition, this Court directed that the petitioner's warden file a response. On December 2, 2005, the respondent filed the motion before the Court today. Although the Court granted the petitioner a period of thirty days thereafter in which to respond, he has not done so and the time for a response to the motion has now expired.

## MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT

The government claims that the petitioner herein (1) is not entitled to CCC placement, pursuant to 3624(c) and *Colton v. Ashcorft*, 2004 WL 86430 (E.D. Ky. 2005) [now reported at 299 F.Supp.2d 681] (the Honorable Jennifer B. Coffman presiding); rather, (2) this petitioner was deemed ineligible for a CCC placement, like the unsuccessful petitioner in *Bolt v. Booker*, 2005 WL 1458715 (E.D. Ky. 2005) (the undersigned presiding). Additionally, the warden contends that (3) the petitioner fails to state a constitutional claim; and (4) he fails to state a claim under the ADA.

The respondent attaches a copy of this Court's *Bolt* ruling and the declaration of a case management coordinator with numerous attachments supporting the government's position on each of the above arguments. BOP printouts confirm the petitioner's criminal past and show that his current release date via good conduct time is/was February 6, 2006.[3] Exhibit A. Other exhibits

---

[3] Hollis' full term expiration date is April 17, 2006. Therefore, if he is still in the respondent's custody, the matter of where he spends his last days of confinement has not been mooted.

2

contain general BOP policies with regard to CCC's and documents showing that, unlike Petitioner Colton and like Petitioner Bolt, the instant petitioner was not eligible for a CCC placement. He was considered for such a placement but the decision went against him because of his previous halfway house failures; his medical conditions; and his inability to obtain employment in the community.

The respondent cites abundant case law holding that a prisoner has no liberty interest in §3621(c) or any other place of confinement, including a CCC placement; that there was also no violation of the *ex post facto* clause in Hollis' case; and the BOP did not violate the ADA, which applies to state prisons, not federal prisons. As none of the petitioner's allegations state a cognizable claim, the respondent asks for dismissal or entry of summary judgment.

## DISCUSSION

### Applicable Standards

Federal Rule of Civil Procedure 12(b) provides for the dismissal of claims and parties for seven listed reasons. Subparagraph (6) governs motions for dismissals for "failure to state a claim upon which relief can be granted," a ground relied upon herein. Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6) continues, in pertinent part, as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*Id.* Thus, the plain language of the rule permits a Rule 12(b)(6) motion to be converted into a motion for summary judgment. If supporting affidavits go to the underlying claim and the court considers them pertinent to its ruling on the Rule 12(b)(6) motion for failure to state a claim, then the court

3

"shall" convert the motion into one for summary judgment pursuant to Rule 56. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993).

Because the FMC-Lexington staff member's declaration and attached exhibits herein go to the merits of the petitioner's claims and this Court has considered their content, the Court has converted the motion to one for summary judgment, although the petitioner did not submit an affidavit controverting the facts or law as presented in respondent's current motion. Nonetheless, the district court will examine the movant's motion against the verified petition to ensure that the respondent has discharged his burden. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

## Application of Standards to Defendants' Motions

First, the Court considers the facts, which are clearly distinguishable from those in *Colton*. It is uncontroverted that the instant petitioner was considered but simply found not eligible for a CCC placement, as Petitioner Colton was. Moreover, the *Colton* case turned on the BOP's first granting his placement on a date certain and then jerking it away from him by applying an intervening new policy, which was not properly promulgated under the Administrative Procedures Act and which also raised *ex post facto* and concerns. No such issues arise herein.

Nor does the statute itself grant the petitioner any entitlement of which he was deprived. Congress has imposed only on the BOP the duty to "designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility . . . the Bureau determines to be appropriate and suitable." 18 U.S.C. §3621. This is totally discretionary on the face of the statute and in judicial decisions. *See e.g., Olim v. Wakinekona*, 461 U.S. 238 (1983); *see also, Meachum v. Fano*, 427 U.S. 215 (1976); *Montanye v. Haymes*, 427 U.S. 236 (1976); *Beard v. Livesay*, 798 F.2d 874 (6th Cir. 1986). Congress has given federal prison officials full discretion to

4

control the conditions of confinement, and prisoners have no constitutional entitlement to invoke due process claims. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

The Sixth Circuit, in an unpublished opinion, discussed this very issue when a petitioner named Locklear wanted to serve the remainder of his term at a prison camp in North Carolina. In *Locklear v. Holland*, 194 F.3d 1313, 1999 WL 1000835 (6th Cir. 1999), the petitioner's prison team recommended that Locklear's custody level be lowered and that he be transferred to a prison camp close to home. Locklear's presentence investigation report ("PSI"), however, contained purportedly inaccurate information alleging that Locklear had been charged with rape. Locklear strongly disputed the PSI, which he claimed caused him to be denied placement in the prison camp, thus violating his due process rights.

The Sixth Circuit rejected Locklear's claim, citing *Moody v. Daggett, supra* at 88, n.9, for the proposition that prisoners generally do not have a due process liberty interest in their placement and classification while incarcerated.

> "To establish the existence of a liberty interest, a prisoner must show that he has been subjected to an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life,' *see Sandin v. Conner*, 515 U.S. 472, 484 (1995), or that the government's actions 'will inevitably affect the duration of his sentence.'" *Id.*

*Locklear v. Holland* at \*\*2. Like Petitioners Locklear and Bolt, the instant petitioner also has no due process claim.

Another statute relevant to today's inquiry requires that the BOP assist a prisoner's transition after imprisonment; it reads as follows:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 percent of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust and prepare for the prisoner's re-entry into the

5

community.

18 U.S.C. §3624(c). This statute places on the BOP a responsibility to plan for a prisoner's re-entry to society and it also limits the BOP's discretion to a "reasonable" length of time, which cannot be longer than 6 months. It is clearly not an affirmative grant of 6 months in a CCC for any prisoner. Again, "[t]he BOP has 'sole discretion' to determine the facility and the treatment programs in which a federal prisoner should be placed." *Gissendanner v. Menifee*, 975 F.Supp. 249, 250-51 (W.D.N.Y. 1997).

The instant petitioner has failed to demonstrate to this Court if or how his inability to be transferred to a CCC results in an "atypical and significant hardship" as required by *Sandin v. Conner, supra*. He has failed to plead facts which override *Moody v. Daggett*'s holding that generally prisoners have no protected due process or liberty interests in their classifications. Nor has Petitioner alleged any facts suggesting that the *term* of his sentence will be affected. Therefore, the petitioner's due process claim based on the decision to not permit him placement in a CCC fails to state a constitutional claim upon which relief may be granted.

Laws, policies, and other actions can violate the *Ex Post Facto* Clause if they punish behavior not illegal at the time it was committed, or increase punishment beyond that which was authorized at the time of the offense. *Garner v. Jones*, 529 U.S. 244, 249-50 (2000). The *Ex Post Facto* clause is implicated where a law punishes retrospectively: "[a] law is retrospective if it 'changes the legal consequences of acts completed before its effective date.'" *Miller v. Florida*, 482 U.S. 423, 430 (1987) (quoting *Weaver v. Graham*, 450 U.S. 24, 31, (1981)).

However, consideration of Petitioner Hollis' potential eligibility for 18 U.S.C. §3624(c) placement took place after the December of 2002 BOP policy change which Petitioner Colton had

6

challenged. The application of the new policy has never been retroactively applied to the instant petitioner. Consequently, there is no factual basis for an *Ex Post Facto* Clause claim herein.

To the extent that Petitioner Hollis has asserted an equal protection claim, he has failed to allege that persons claimed to have been afforded favorable treatment were similarly situated to him. *See e.g., Reed v. Reed*, 404 U.S. 71, 76 (1971) (equal protection requires that "all persons similarly circumstanced shall be treated alike"). A litigant "could not make out a violation of his equal protection rights simply by showing that other inmates were treated differently." *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992), *cert. denied*, 114 S. Ct. 127 (1993). The plaintiff must show that he "was victimized because of some suspect classification, which is an essential element of an equal protection claim." *Id.* (citing *Booher v. United States Postal Service*, 843 F.2d 943, 944 (6th Cir. 1988)). As the plaintiff has not made such a showing, no cognizable equal protection claim has been stated. *Id.; see also Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir. 1971).

The Court concludes that the petitioner has failed to carry his burden in opposition to the respondent's motion, *i.e.*, to come forward with "affirmative evidence to defeat a properly supported motion for summary judgment" (*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). To the contrary, the current record herein contains only the petitioner's original verified allegations. A litigant opposing a summary judgment motion must employ proof other than his pleadings to establish the existence of a controversy. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The instant plaintiff has presented none. Conclusory statements will not defeat a motion for summary judgment. *Matsushita Electric Industrial C. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Additionally, the Court is in agreement with the respondent's position that the instant petitioner has failed to state a claim under either the ADA or the Rehabilitation Act of 1973.

7

Therefore, for all the reasons aforestated, the instant petition is dismissed with prejudice as frivolous and for failure to state a claim upon which can be granted. 28 U.S.C. §1915(e)(2)(i) and (ii).

## CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1) The respondent's motion for summary judgment [Record No. 11] is **GRANTED**;

(2) Leland B. Hollis's petition for a writ of habeas corpus is **DENIED**; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 16th day of February, 2006.

JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service:

8